IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ISRAEL SARABIA AND GRACIELA SARABIA,** § § § | |
| *Plaintiffs*, § § | **CIVIL ACTION NO. 3:20-CV-233** |
| v. § § | |
| **LOANDEPOT.COM AND SPECIALIZED LOAN SERVICING, LLC,** § § § § | |
| *Defendants.* § | |

## LOANDEPOT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant loanDepot.com ("Defendant" or "loanDepot") hereby removes this action from the 41st District Court for El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, and as grounds for removal states as follows:

## I.
## STATE COURT ACTION

1.      On July 27, 2020, Plaintiffs Israel and Graciela Sarabia ("Plaintiffs") filed their *Original Petition Request for Disclosures* ("Complaint") in the 41st District Court for El Paso County, Texas in a case styled: *Israel Sarabia and Graciela Sarabia v. loanDepot.com and Specialized Loan Servicing, LLC*, Cause No. 2020DCV2386 (the "State Court Action").

2.      In the State Court Action, Plaintiffs contend that they are the owners of the real property located at 11600 Chito Samaniego Dr., El Paso, Texas 79936 (the "Property") and seek to invalidate the lien securing their home-equity loan based on allegations that their loan violates certain home equity provisions of the Texas Constitution. Plaintiffs assert a claim for breach of

contract and seek forfeiture of principal and interest, as well as actual damages, statutory damages, and attorney fees.

3. loanDepot removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(3), 1441, 1446(a).

5. Pursuant to 28 U.S.C. § 1446(b)(2)(B), each defendant has 30 days after service to file a notice of removal. loanDepot was served in the State Court Action on July 29, 2020. Therefore, the filing of loanDepot's notice of removal is timely. 28 U.S.C. § 1446(b).

6. The United States District Court for the Western District of Texas, El Paso Division has original jurisdiction over this action based on diversity jurisdiction because loanDepot and SLS are diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331 and 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.[1]

8. Pursuant to 28 U.S.C. § 1446(d), loanDepot is simultaneously, with the filing of this Notice of Removal: (1) serving Plaintiffs with a copy of the Notice of Removal; and (2) filing a copy of the Notice of Removal in the 41st District Court for El Paso County, Texas.

9. SLS consents to the Notice of Removal. *See* **Exhibit B**.

---

[1] The issued citation and return of service as to loanDepot is not included in Exhibit A. loanDepot has requested a copy of each from the El Paso County District Clerk and will supplement the record upon receipt.

## III.
## DIVERSITY OF CITIZENSHIP

10. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not citizens of the same states as loanDepot and SLS. As shown below, the amount in controversy requirement is also satisfied.

**A.    The Parties are Completely Diverse.**

11. Plaintiffs are natural persons so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs admit that they are domiciled in El Paso County, Texas. *See* Complaint ¶ 3. Thus, Plaintiffs are citizens of Texas.

12. loanDepot is a Delaware limited liability company. The citizenship of a limited liability company for diversity purposes "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). loanDepot's members are: (1) an individual who is a resident and domiciliary of California; (2) LD Investment Holdings, Inc.; and (3) LD Holdings Group, LLC. LD Investment Holdings, Inc. is a Delaware corporation with its principal place of business in California. A corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located. *See* 28 U.S.C. § 1332 (c)(1). Therefore, LD Investment Holdings, Inc. is a resident of Delaware and California. LD Holdings Group, LLC, is a Delaware limited liability company whose members are: (1) LD Investment Holdings, Inc., a Delaware corporation with its principal

place of business in California; (2) Trilogy Mortgage Holdings, Inc., a California corporation with its principal place of business in California; (3) an individual who is a resident and domiciliary of California; and (4) JLSA, LLC, a Delaware limited liability company whose sole member is an individual who is a resident and domiciliary of California). Therefore, loanDepot is a citizen of California and Delaware for diversity purposes.

13. SLS is a Delaware limited liability company. *See* Declaration in Support of Removal attached hereto as **Exhibit C** ¶ 3. The citizenship of a limited liability company for diversity purposes "is determined by the citizenship of all of its members." *Harvey,* 542 F.3d at 1079-80 (5th Cir. 2008). The sole member of SLS is Specialized Loan Servicing Holdings LLC ("SLS Holdings"), which is a Delaware limited liability company. *Id.* ¶ 4. The sole member of SLS Holdings is Computershare Limited ("Computershare"), which is a corporation incorporated in Australia with its principal place of business in Australia. *Id.* ¶ 5. A "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure, Ltd.*, 536 U.S. 88, 90 (2002) (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 121 (1882)). Thus, Computershare is a citizen of Australia. SLS is therefore a citizen of Australia for diversity purposes.

**B.     The Amount-in-Controversy Requirement is Satisfied.**

14. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

15. "When . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012). Indeed, "where the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy." *Lindsey v. JPMorgan Chase Bank Nat. Ass'n*, No. 3:12-CV-4535, 2013 WL 2896897, at *16 (N.D. Tex. June 13, 2013).

16. Additionally, the Court may consider actual damages and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., LP,* 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

17. Based on a review of the Petition and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs, because, on the face of the Complaint, Plaintiffs admit that they seek "[m]onetary relief…more than $100,000 but less than $200,000." Complaint ¶ 30. Further, Plaintiffs are seeking "[a]n order that Defendants . . . forfeit all principal and interest on the Note. . . ." and admit that the principal amount of the note is $146,400, exclusive of interest. Complaint, at Prayer, Ex. 1 p. 2.

18. Additionally, Plaintiffs allege that the lien on the Property is void, and as a result, the entire value of the Property is squarely at issue. *See* Complaint ¶ 1; *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Alsobrook v. GMAC Mortg., LLC*, 2013 WL 3929935, at *2 n.2; *Copeland*, 485 F. App'x at 9; *Lindsey*, 2013 WL 2896897, at *16. According to the El Paso County Appraisal District, the market value of the Property is $181,978. *See* **Exhibit D**.[2] Plaintiffs also seek attorney's fees. *See* Complaint ¶¶ 25-26, Prayer.

19. Although loanDepot vehemently denies that Plaintiffs are entitled to any of the relief sought or damages, when the monetary relief sought, value of the Property, and attorney fees are all included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.
## PRAYER

WHEREFORE, loanDepot removes this action from the 41st District Court for El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, loanDepot respectfully requests that the Court take judicial notice of the El Paso County Appraisal District tax records for the Property.

Respectfully submitted,

/s/ *Elizabeth Hayes*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@polsinelli.com
**Elizabeth Hayes**
  State Bar No. 24069001
  ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR LOANDEPOT.COM, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on August 27, 2020, on all counsel of record via email and on August 28, 2020, via regular mail and/or certified mail, return receipt requested.

*/s/  Elizabeth Hayes*
Elizabeth Hayes